## IN RE APPLICATION OF MACKENZIE B. JAMIESON.[1]

January 7, 1927.

No. 25,721.

**When owner of tax title is not entitled to apply for Torrens certificate of registration.**

> The owner of a tax title who cannot claim 15 years adverse possession and whose tax title has not been adjudged valid is not entitled under G. S. 1923, § 8316, of the Torrens Act, to apply for a certificate of registration and the cancelation of an existing certificate of title.

Records, 34 Cyc. p. 603 n. 24.

Mackenzie B. Jamieson appealed from an order of the district court for Ramsey county, Bechhoefer, J., denying his application for the issuance to him of a certificate of title to certain land. Affirmed.

*Hermon W. Phillips*, for appellant.

*McNeil V. Seymour*, for respondent.

HOLT, J.

The appeal is from an order denying appellant's application for the issuance to him of a certificate of title under the so-called Torrens system to certain land.

[1] Reported in 211 N. W. 686.

A certificate of registration was issued to Tracy H. Hoyt, the owner, in 1913, who appears still of record as such owner. In May, 1919, the land was sold at a forfeited tax sale to the applicant, who in August, 1925, gave due notice of the expiration of redemption. No redemption was made. And under G. S. 1923, § 8316, the applicant claims the right to register the title thus derived. The court was of the opinion that, before such an application could be made, the validity of the tax title must have been established by an ordinary action, as provided by G. S. 1923, § 8250. The correctness of this ruling presents the sole question on this appeal.

The registering of title is wholly a statutory procedure authorized and regulated by G. S. 1923, §§ 8247 to 8329. Section 8250 provides: "No land, the title to which is derived from any tax or local assessment sale, shall be registered until such title has been adjudged to be valid by a court of competent jurisdiction, and a certified copy of the decree duly recorded with the register of deeds: Provided, however, that any person may make the application when for at least fifteen years the land has been in the adverse possession of the applicant or those through whom he claims title." Appellant could not and did not attempt to bring himself within the proviso. But he claims § 8316 gives him the right to register his tax title without prior adjudication of its validity. It reads: "Any person claiming any right, title, or interest in registered land adverse to the registered owner thereof arising subsequent to the date of the original registration may, if no other provision is made in this chapter for registering the same, file with the registrar his verified statement in writing setting forth fully his alleged right or interest, and how" etc. The provision quoted from § 8250, as well as the quotation from § 8316, was in the original Torrens Act. When therefore § 8316 speaks of subsequent adverse claims which may be registered, it in terms excludes those for which other provisions are made, and tax titles are covered expressly by the previous § 8250. If the legislature had reasons for withholding the right of a tax title owner from applying for a certificate of registration of such title until its validity was adjudged, the same reasons apply to

obtaining such a certificate as against one who already holds a prior adverse certificate. In statutory actions to determine adverse claims open to a tax title owner, unknown persons may be made parties and barred of adverse claims. G. S. 1923, § 9557. There are no provisions looking to that end in the Torrens procedure provided by and under said § 8316.

Construing the two sections quoted from as component parts of one enactment, we think it clear that one claiming under a tax title adversely to the holder of a certificate of title under the Torrens Act cannot apply for a certificate thereon and for cancelation of the prior registration, under § 8316, until his tax title has first been adjudged valid. Neither prior decisions nor other sections than the two quoted from have any bearing on the point here presented.

The order is affirmed.

STONE, J., took no part.